IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jamie Daquan David, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 8:18-cv-3068-BHH |
| v. | ) |
| | ) |
| Sgt. Bostic, | ) **ORDER** |
| Probation Officer Goff, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On December 13, 2018, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice and without issuance and service of process. In her Report, the Magistrate Judge found that Plaintiff's allegations fail to state a claim against Defendant Goff because Plaintiff does not allege any injury; that Defendant Goff is entitled to quasi-judicial immunity with respect to claims brought against him in his individual capacity for actions he took within the scope of his duties as a probation officer; and that Defendant Goff, as an agent of the South Carolina Department of Probation, Pardon, and Parole, is entitled to Eleventh Amendment immunity as to any claims against him for monetary damages. In addition, the Magistrate Judge determined that the remaining allegations against Defendant Bostic fail to state a claim or are not cognizable in this action. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of

his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 14) and incorporates it herein, and the Court dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

January 14, 2019
Charleston, South Carolina